UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOD M.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No.: 21cv1997-LL<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 2]** |

On November 29, 2021, Plaintiff filed a motion for leave to proceed *in forma pauperis*. ECF No. 2. In this action, Plaintiff is seeking review and reversal of the final decision of the Commissioner of Social Security ("Commissioner") that denied Plaintiff's claim for disability benefits. ECF No. 1. For the reasons set forth below, Plaintiff's motion is **DENIED**.

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he or she is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the

prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he or she is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

The determination of indigency falls within the district court's discretion. California Men's Colony, Unit II Men's Advisory Council v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), rev'd on other grounds, Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins, 335 U.S. at 339). However, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984). Finally, the facts as to the litigant's indigency must be stated "with some particularity, definiteness and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted).

Here, Plaintiff's application shows that his monthly expenses are approximately $200 for food. ECF No. 2 at 4. Plaintiff also indicates that he receives $200 in public assistance for food in the form of food stamps. Id. at 2. Although Plaintiff indicates that he does not have any money in a savings and/or checking account, he does have assets including a home valued at $250,000, a vehicle valued at $1,500, and a second vehicle valued at $1,200. Id. at 3. Plaintiff's assets reflect that he can pay the court costs and still afford the necessities of life. Accordingly, the Court **DENIES** Plaintiff's motion to proceed *in forma pauperis*. Plaintiff is granted **45 days** from the date this Order is docketed to pay the filing fee.

The Court has also reviewed Plaintiff's complaint, and concludes it is not subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B). [1]

**IT IS SO ORDERED**.

Dated:  December 20, 2021

Honorable Linda Lopez
United States Magistrate Judge

---

[1] The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (noting that "section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").